THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WHITE,
   Respondent, *v.* THE BOARD OF ALDERMEN OF THE CITY OF
   BUFFALO, Constituting the Board of Canvassers of the City
   of Buffalo, and JOHN BARRY and THOMAS COYLE et al., Con-
   stituting the Board of Inspectors of the Third Election Dis-
   trict of the First Ward of the City of Buffalo, New York,
   Appellants.

1. ELECTIONS— VOID BALLOTS TREATED AS MARKED FOR IDENTIFICA-
TION — JUDICIAL INVESTIGATION.   If ballots which should have been held
void and not have been counted, under the Election Law (L. 1896, ch. 909,
§ 105), have been treated by the inspectors as ballots marked for the pur-
pose of identification (§ 110, subd. 3) and counted, the court, in a man-
damus proceeding under the statute subjecting the ballots to judicial
investigation (§ 114), has jurisdiction to pass upon them as void ballots
and to direct the inspectors to make a statement of the result of the elec-
tion on that basis.
2. BALLOTS OBJECTED TO AS MARKED FOR IDENTIFICATION.   When a
ballot is not void, but is to be dealt with as objected to because marked
for identification, under the Election Law (§ 110, subd. 3), great care
should be observed to follow every provision of the statute designed to
identify and preserve the ballots for future legal proceedings.
*People ex rel. White* v. *Aldermen*, 31 App. Div. 438, modified.

(Submitted November 22, 1898; decided December 16, 1898.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
June 14, 1898, affirming an order made by Mr. Justice LAM-
BERT at the Erie Special Term, in a hearing upon an alterna-
tive writ of mandamus, determining that eight certain ballots
cast at the general election in the third district of the first ward
of the city of Buffalo in November, 1897, were marked for
the purpose of identification, and directing that a peremptory
writ of mandamus issue to the inspectors of election of such
district, commanding them to convene and make a new return,
excluding from such canvass said eight votes which had been
counted as the law requires.

The alternative mandamus was issued upon the petition of

a candidate for alderman of the first ward of the city of Buf-
falo. Also upon the affidavit of two inspectors of election in
the district and ward named.

The substance of the petition is that, upon a canvass of the
votes, eight ballots were objected to as marked for identifica-
tion ; that the ballots were duly protested for that reason, but
counted and marked by the inspectors as counted under pro-
test, and the words " objected to as marked for identification,"
or words to that effect, placed upon the back of each of the
ballots and signed by the inspectors.

The petition prayed that a writ of alternative mandamus
issue directing the inspectors to convene for the purpose of
recounting the votes, and to exclude on the recount all ballots
marked for the purpose of identification after determination
by the court, etc.

The affidavit of the two inspectors referred to alleged that,
as the ballots were being counted, one was discussed which
deponents and the Republican watcher claimed should be
counted for John White, the Republican candidate for alder-
man, as against John Sheehan, the Democratic candidate for
the office ; that the Democratic inspectors stated that they
believed this ballot had been improperly marked for identifi-
cation ; that it was finally agreed by the board of inspectors
that the ballot should be marked as protested for identification
and the canvass of the votes proceeded ; that thereafter seven
other ballots were objected to by one or more of the inspectors
as marked for identification, and were protested for this reason
and counted as prescribed by law for candidates appearing
thereon ; that the eight ballots so protested for identification
were indorsed " counted under protest," meaning that the
same were counted as prescribed by law, but protested and
placed in a sealed envelope pursuant to statute.

The affidavit further avers that the inspectors caused the
return to be made as prescribed by law, and that therein the
eight ballots referred to were put by clerical error on the
blank space as void ballots, when, in fact, they were counted,
and it was intended to return them as counted under protest

and marked for identification and returned in a sealed envelope as prescribed by law.

(An inspection of the return discloses this error, but in another place the eight ballots are referred to as marked for identification.)

Upon this petition and affidavit a writ of alternative mandamus issued in accordance with the prayer of the petition.

John Barry, one of the inspectors of election, made a return to the alternative writ; he denies that the persons named are inspectors of election as alleged; that eight ballots were marked for identification and indorsed as the statute requires, but he does not deny that the ballots were counted as alleged; he avers that the board of inspectors of the election district — failing to name who they are — correctly canvassed the votes in that district and signed and returned to the proper officers correct statements and returns of the result of the canvass.

James Coyle, another inspector in said district, made a similar return.

The alternative writ came on for hearing before a Special Term, and the court, after due consideration and hearing counsel, decided that the eight ballots were marked for the purpose of identification and, therefore, void, and that a peremptory writ of mandamus issue directing the board of inspectors to convene on a day named and make and sign an original statement, as required by law, giving the true and correct result of the election in said election district, and that the said inspectors exclude in such canvass and return the said eight ballots so protested and declared by the court as marked for identification and adjudged void and count no vote thereon for any person, and that the inspectors file such original statement and copies as required by law.

Thereupon the peremptory writ of mandamus was duly issued, and the defendants Barry and Coyle took an appeal to the Appellate Division, which resulted in an affirmance and an appeal to this court.

55

434     People ex rel. White v. Aldermen.     [Dec.,

Points of counsel.     [Vol. 157.

*Edward L. Jellinek* for appellants. The ballots, challenged on the theory that they were marked for the purpose of identification, were not sufficiently or legally objected to by the board of inspectors so as to enable the relator to maintain this proceeding. (L. 1896, ch. 909, §§ 110, 114; *People ex rel.* v. *Shaw*, 133 N. Y. 493; *People ex rel.* v. *County Canvassers*, 66 Hun, 265; *People ex rel.* v. *Wood*, 148 N. Y. 148; *Hoey* v. *Gilroy*, 129 N. Y. 138; *Spofford* v. *Pearsall*, 138 N. Y. 68; *Wormser* v. *Brown*, 149 N. Y. 163.) There is absolutely no proof that any one of the ballots, claimed to have been marked, was marked or written upon for the purpose of identification. (*People ex rel.* v. *Morgan*, 20 App. Div. 49; *People ex rel.* v. *Supervisors*, 135 N. Y. 522; *People ex rel.* v. *Board of Canvassers*, 129 N. Y. 407; *People ex rel.* v. *Shaw*, 64 Hun, 361.)

*Seward A. Simons*, for respondent. The evidence of the observance of the technical requirements of the Election Law is ample and sufficient to sustain this proceeding. The inspectors of election were purely ministerial officers. (*People ex rel.* v. *Pease*, 27 N. Y. 45; *Goetcheus* v. *Matthewson*, 61 N. Y. 420; *People ex rel.* v. *Bell*, 119 N. Y. 175; L. 1896, ch. 909, §§ 110, 111; *People ex rel.* v. *Supervisors*, 135 N. Y. 522.) Having the ballots properly before it, and finding them to be absolutely void, and that they had in fact been counted, the court had the power to reject them, and it was, furthermore, under a duty to do so. (*People ex rel.* v. *Supervisors*, 142 N. Y. 271; Code Civ. Pro. §§ 2067, 2090; *People ex rel.* v. *Nostrand*, 46 N. Y. 375; *People ex rel.* v. *D. & C. R. R. Co.*, 58 N. Y. 152; *People ex rel.* v. *Wilson*, 119 N. Y. 515; *People ex rel.* v. *Suprs. of Greene*, 12 Barb. 217; *Dunklin Co.* v. *Dist. Co. Ct.*, 23 Mo. 449; Fiero Spec. Pro. 40, 41; *People ex rel.* v. *Schiellein*, 95 N. Y. 124, 133, 134; *People ex rel.* v. *Richmond*, 23 N. Y. Supp. 144–150.) The court having jurisdiction to try the case, and having come to the correct conclusion, this finding will not be disturbed, because it may have been based upon an erroneous theory. (*People ex rel.*

v. *Common Council,* 154 N. Y. 750 ; L. 1896, ch. 909, § 105 ; *People ex rel.* v. *Collin,* 19 App. Div. 457.)

BARTLETT, J.   We have a state of facts presented upon this appeal rather unusual in character.

A writ of alternative mandamus was applied for upon the allegation that in the third election district of the first ward of the city of Buffalo, at the election in November, 1897, eight ballots were marked for the purpose of identification, and that they were duly indorsed, counted and placed in an envelope as required by the Election Law.  (§ 110, subd. 3.)

After a hearing upon the alternative writ the Special Term decided that these eight ballots were marked for the purpose of identification and consequently void.

A writ of peremptory mandamus was thereupon issued, directing the inspectors of election to convene on a day named, and make and sign an original statement as required by law and to return the eight ballots as protested and declared void by the court, and that no vote be counted thereon for any person.

The Appellate Division affirmed the order of the Special Term, although it was of the opinion that the eight ballots were not marked for identification, but were void under § 105 of the Election Law.

While we are of opinion that these eight ballots are void and not marked for the purpose of identification, we prefer to rest our affirmance of the order appealed from upon what we deem a proper construction of §§ 105, 110 and 114 of the Election Law, rather than on the power of the court under the common-law writ of mandamus.

Section 105 defines a void ballot ; § 110, subd. 3, points out the mode of dealing with a ballot not void, but marked for the purpose of identification, and § 114 allows any interested candidate to invoke the judicial investigation of either class of ballots by writ of mandamus.

It was very clearly the duty of the inspectors in this case to have held these eight ballots void and not to have counted.

them. They treated them, however, as valid and marked for the purpose of identification and counted them. The relator has instituted this proceeding under that alleged state of facts, and we have to deal with the situation as it exists.

As already pointed out, the Election Law has empowered the courts to deal with these two classes of ballots in a mandamus proceeding, and as the ballots in controversy are before us and subject to inspection, we have jurisdiction to pass upon them as void ballots.

These views lead to a modification of the orders of the Special Term and of the Appellate Division affirming that order, to the effect that these eight ballots are void and ought not to have been counted.

Also, further modifying the order by directing the board of inspectors to assemble on a day to be named, and then and there make and sign an original statement as required by law, giving the true result of the election as ascertained by treating these eight ballots as void and counting no vote thereon for any person.

It appears in this proceeding that the original inspectors' return and statement of canvass by error stated, in filling up the printed blank, that these eight ballots were treated as void, whereas it was designed to have filled them in under another head, as marked for identification.

The eight ballots, as sent to us from the clerk's office of Erie county, are contained in an envelope officially indorsed "ballots protested as marked for identification," and it is quite evident that the filling in of the printed blank, as above stated, was a clerical error.

When the new inspectors' return and statement of canvass is made out as herein directed, the eight ballots should then be returned as void and not counted.

As we are not called upon to deal with these ballots as valid but marked for identification and thus voidable, the point urged by the appellants' counsel, that they were not sufficiently or legally objected to by the board of inspectors so as to enable the relator to maintain this proceeding, is not of importance,

but we feel constrained to say to inspectors of election that when a ballot is not void, but is to be dealt with as objected to because marked for identification under § 110, subd. 3 of the Election Law, great care should be observed to follow every provision of the statute designed to identify and preserve the ballots for future legal proceedings.

The orders of the Special Term and Appellate Division should be modified in accordance with the foregoing opinion, and, as so modified, affirmed, without costs to either party.

All concur, except GRAY, J., absent.

Ordered accordingly.